16-591-cr
United States v. McCoy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
           REENA RAGGI,
                *Circuit Judges*,
           ALVIN K. HELLERSTEIN,
                *District Judge*.[*]

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

                *Appellee*,

      v.                            No. 16-591-cr

ROBERT C. MCCOY,

                *Defendant-Appellant*.

---------------------------------------------------------------------

APPEARING FOR APPELLANT:    FREDERICK RENCH, Frederick Rench, Esq., PLLC, Clifton Park, New York.

APPEARING FOR APPELLEE:    STEVEN D. CLYMER, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

---

[*] Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 16, 2016, is AFFIRMED.

Defendant Robert C. McCoy was convicted in 2015 following a jury trial on counts of sexual exploitation of a child, *see* 18 U.S.C. § 2251(a), (c), while a registered sex offender, *see id.* § 2260A, and possession of child pornography, *see id.* § 2252A(a)(2), (a)(5)(B). Presently incarcerated on a statutory maximum sentence of 960 months' (80 years') imprisonment, which was consistent with his recommended Guidelines sentence of life, McCoy argues that government misconduct denied him a fair trial and, in any event, his sentence is substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  Prosecutorial Misconduct

McCoy asserts that prosecutorial misconduct in rebuttal requires a new trial. To secure such relief, he must show misconduct that, "viewed against the entire argument to the jury, and in the context of the entire trial," was so "severe and significant" as to deny a him "fair trial." *United States v. Sheehan*, 838 F.3d 109, 128 (2d Cir. 2016) (internal quotation marks omitted). Such cases are "rare," *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010), and arise only when improper comments so infect the trial as a whole as to result in a conviction violative of due process, *see United States v. Sheehan*, 838 F.3d at 128; *United States v. Ferguson*, 676 F.3d 260, 283 (2d Cir. 2011) (stating that

2

improper comments do not deny due process "unless they constitute egregious misconduct" (internal quotation marks omitted)).  In assessing whether improper comments have caused "substantial prejudice" requiring a new trial, we consider the severity of the misconduct, the curative measures taken, and the certainty of conviction absent the misconduct.  *See United States v. Binday*, 804 F.3d 558, 586 (2d Cir. 2015).

The alleged misconduct falls into two general categories, which we address in turn.

a.      Arguments Regarding Victim's Mother

McCoy asserts that the government's rebuttal challenge to defense attacks—starting in the opening statement—on the character and credibility of his victim's mother ("MS") improperly denigrated defense counsel, inflamed jury passions, and amounted to prosecutorial vouching.[1]   Because McCoy voiced no objection to this aspect of the rebuttal at trial, our review is for plain error.  *See United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012); *see also United States v. Marcus*, 560 U.S. 258, 262 (2010) (stating that plain error requires (1) error; (2) that is clear or obvious; (3) affecting defendant's substantial rights; and (4) seriously impugning fairness, integrity, or public reputation of judicial proceedings).   None is evident here.

We have long recognized that rebuttal summations "are not detached expositions, with every word carefully constructed before the event," and that "because such arguments frequently require improvisation," we will "not lightly infer that every remark

---

[1]  McCoy's victim, KD, was seven years old when defendant began the sexual exploitation that continued until she was nine.   The child was ten when she testified at trial.

3

is intended to carry its most dangerous meaning." *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (alterations, citations, and internal quotation marks omitted). This is particularly so where the challenged rebuttal responds to defense attacks on "the integrity of the government's case," *United States v. Sheehan*, 838 F.3d at 128, and the credibility of its witnesses, *see United States v. Wilner*, 523 F.2d 68, 74 (2d Cir. 1975).

Here, defense counsel stated or implied that MS was somehow responsible for any injury to her daughter because she had allowed the child to spend time with McCoy even after learning that he was a registered sex offender. Counsel further asserted that, upon finding pornographic images of her child on McCoy's phone, MS had not gone to the police but, rather, had punished her daughter. Counsel stated that pornography belonging to MS's future husband was in the child's home at the time at issue, and that MS's then-12-year-old son had at one time possessed a cell phone belonging to McCoy, presumably implying that persons other than McCoy might be responsible for the pornographic images of KD found on McCoy's device. Counsel also intimated that MS might profit from McCoy's conviction by acquiring certain land. No evidence was ever adduced to support any of these assertions. Viewed in this context, we identify no error, much less plain error, in the government's rebuttal characterization of defense counsel's arguments as "made up," "scurrilous," and an effort to shift the "blame to someone else." App'x 253, 255. These were "hard blows" but not "foul" ones in response to unsubstantiated defense assertions. *Berger v. United States*, 295 U.S. 78, 88 (1935); *accord United States v. Farhane*, 634 F.3d at 168. Nor do we identify error in the government's statement that, in a "court of law," "wild facts and wild allegations" are not

4

evidence. App'x 253; *see United States v. Millar*, 79 F.3d 338, 343–44 (2d Cir. 1996) (concluding that characterization of defense as "hog wash" and a "smoke screen" and suggestion that defense counsel was trying to "confuse" jurors or "lead them astray" were fair responses and not reversible misconduct). Insofar as McCoy faults the government for arguing that MS's prior convictions and purported bad parenting "ha[ve] absolutely nothin', nothin' to do with your deliberations in this case," App'x 250, he cannot demonstrate plain error in light of the district court's charge that its instructions overrode any attorney's statement of law and that witness credibility was a legitimate subject for deliberation.

*United States v. Friedman*, 909 F.2d 705 (2d Cir. 1990), is not to the contrary because the prosecutor there made a sustained attack on the *role* of defense counsel, including negatively contrasting those who "go out and investigate drug dealers and prosecute drug dealers and try to see them brought to justice" with those "who defend them, try to get them off, perhaps even for high fees." *Id.* at 707–08. By contrast to such statements, which endeavored to delegitimize *any* argument made by defense counsel, *see id.* at 709, the rebuttal statements here responded to defense counsel's specific attacks on the victim's mother and were not unfair.

Statements in rebuttal (1) observing that individuals—including defense counsel and the prosecutor—might act differently from MS upon first discovering evidence of their child's sexual exploitation, (2) rhetorically asking jurors "[w]hat decision do you make for your kid," App'x 254, and (3) describing the difficulty a ten-year-old victim would face when testifying about her sexual exploitation were prompted by, and

5

responsive to, defense counsel's suggestion that MS's delay in reporting her discovery of pornographic depiction of KD to the police was suspicious. While the prosecutor in this case would be well advised not to inject herself into a case and to minimize her use of first-person pronouns, the statements here fell comfortably within the leeway afforded in responding to a defense attack on witness credibility. *See United States v. Farhane*, 634 F.3d at 168.

Government statements that "[t]his is law enforcement, this is the criminal justice system at its best" and that "[e]veryone has come together for the children," App'x 259–60, raise more of a vouching concern. But these statements were made in referencing the testimony of witnesses from various child exploitation task forces who identified some of the children depicted in pornography in McCoy's possession. Because the credibility of these witnesses was not put at issue—McCoy declined to cross-examine them—we conclude that the challenged statements did not cause prejudice, much less prejudice so substantial as to warrant reversal.

b. Out-of-Record Evidence

McCoy argues that the district court erred in giving a curative instruction in response to a statement in the government's rebuttal summation, rather than granting his motion for a mistrial. McCoy had argued that the jury should not believe the testimony of a detective concerning an admission that defendant had made to MS, which the detective had heard transmitted on a recording device that MS was wearing when she confronted McCoy. In summation, McCoy argued that the detective should not be believed because the government could have enhanced the tape and introduced it into

6

evidence. He insinuated that the evidence was withheld because it exonerated him. In rebuttal, the government disputed the insinuation, stating that "we had a bad tape" and had tried, but were unable, to enhance its audio quality. App'x 256. McCoy objected to the government's statement of enhancement as unsupported by record evidence, and moved for a mistrial. At sidebar, the government both represented that the tape had been played to defense counsel, who had heard the admission, and claimed that defense counsel had been told of the enhancement efforts. The district court resolved the issue by sustaining defendant's objection and giving a curative instruction, which instructed the jury not to consider the government's statement.

We review the denial of a mistrial for abuse of discretion, which we will identify only where there is an error of fact or law or the denial "cannot be located within the range of permissible decisions." *United States v. Yannai*, 791 F.3d 226, 242 (2d Cir. 2015). This is not such a case. The district court struck the government's single-sentence reference to the out-of-record fact and instructed the jury that it could consider only facts in evidence in its deliberations. Before the jury, the government conceded its error and reiterated that the jury was limited to considering facts in evidence. McCoy points to no error in this instruction or to any reason for us to think that the jury did not abide by it. *See United States v. Binday*, 804 F.3d at 592 (upholding conviction where curative instruction "guarded against precisely the prejudice" alleged). Moreover, because the improper statement concerned only the audiotape's enhancement, not its purportedly incriminating content, it could not have materially affected the ultimate outcome of the case. The district court therefore did not

7

exceed its discretion in addressing the error through a curative instruction rather than granting a mistrial.

McCoy also faults the government's response to the defense argument suggesting that the government had not put the tape in evidence because it was exculpatory, specifically, the prosecutor's characterization of the argument as "the most outrageous, scurrilous statement I [have] heard in 25 years of prosecuting cases," and observation "[t]hat's not at all what the United States Government is about." App'x 255–56. Because no objection was raised at trial, we review only for plain error and identify none here. While the government's response came close to vouching, which is to be avoided as to the general integrity of the prosecution as well as to the credibility of individual witnesses, *see United States v. Newton*, 369 F.3d 659, 681 (2d Cir. 2004) (recognizing danger of vouching is implying "imprimatur of the Government" and "induc[ing] the jury to trust the Government's judgment rather than its own view of the evidence"), we identify no substantial prejudice where the record here shows that defense counsel, who had properly been given a copy of the tape in discovery, had no basis for arguing that it exculpated his client. A defense counsel is under no obligation to offer evidence and may certainly point to evidentiary omissions in urging the jury to conclude that the government has not carried its burden of proof. But he cannot urge the jury to speculate adversely as to the content of an item in the defense's own possession that he knows does not support the urged conclusion. *See United States v. Daugerdas*, 837 F.3d 212, 227 (2d Cir. 2016) ("The prosecution and the defense are generally entitled to wide latitude during closing arguments, so long as they do not misstate the evidence." (internal

8

quotation marks omitted)); *United States v. Reyes*, 660 F.3d 454, 462 (9th Cir. 2011) (recognizing impropriety of "propound[ing] inferences that [counsel] knows to be false, or has very strong reason to doubt"); *United States v. Salameh*, 152 F.3d 88, 134 (2d Cir. 1998) (recognizing "broad latitude afforded both sides during summation" permits argument of *reasonable* inferences). In these circumstances, McCoy cannot credibly claim that the government intentionally mischaracterized his recording argument—using *could* exonerate instead of *may* exonerate—to inflame the jury's passions. The difference is consistent with the necessarily improvisatory nature of rebuttal. *See United States v. Farhane*, 634 F.3d at 167; *see generally United States v. Tocco*, 135 F.3d 116, 130 (2d Cir. 1998) ("[W]here the defense summation makes arguments and allegations against the government, the prosecutor may respond to them in rebuttal."); *United States v. Rivera*, 971 F.2d 876, 883 (2d Cir. 1992) (stating that defense argument may "open the door" to otherwise improper rebuttal).

In sum, because the statements McCoy challenges—both those to which he objected and those to which he did not—were either adequately cured, not improper or, in any event, without substantial prejudicial effect, he is not entitled to a new trial.

2. Substantive Unreasonableness of Sentence

We review the substantive reasonableness of a sentence under a "particularly deferential" abuse-of-discretion standard, *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012),[2] which we will identify "only in exceptional cases where the [district]

---

[2] Although McCoy did not raise his substantive reasonableness challenge to the district court, we have not yet decided whether plain error review applies to such an unpreserved challenge. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We

court's decision cannot be located within the range of permissible decisions," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted), that is, where a sentence "was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Here we review what is effectively a life sentence. At the outset, we note that such a sentence was McCoy's recommended Guidelines sentence, accounting for the age of his victim, his sexual contact with her, the fact that she was in his custody and care, and his repeat conduct among aggravating factors. A sentence within a Guidelines range will rarely satisfy the stringent criteria required to demonstrate substantive unreasonableness. *See United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012).

McCoy nevertheless asserts that his sentence is unreasonable, citing *United States v. Brown*, 826 F.3d 51 (2d. Cir. 2016). That opinion, however, was subsequently vacated, and the case now offers him no support. *See United States v. Brown*, 843 F.3d 74, 82–84 (2d Cir. 2016) (holding that 60-year sentence for first-time sex offender was not substantively unreasonable).

McCoy also argues that imposing the maximum sentences here ignores the "qualitative differences" among child sexual exploitation offenses and leaves no room above his sentence for those who inflict greater harm. The argument fails in light of the district court's careful explanation for why it deemed the statutory maximum sentences "not greater than necessary" in this case. App'x 338. We will not repeat that

need not here decide that question because, regardless of the standard of review, McCoy's challenge fails on the merits.

10

explanation here. Suffice it to say that the district court acted well within its discretion in concluding that McCoy committed the charged crimes while on probation for a prior child pornography possession crime and undergoing treatment to help him resist such impulses. Instead of resisting, however, he engaged in the more serious crimes here, made all the more serious by his bullying of a very young victim and his betrayal of her family's trust. While McCoy sought a 35-year sentence to afford him some dignity in his old age, the district court reasonably recognized that McCoy had failed to accord dignity to his victim, who nevertheless manifested exceptional courage in confronting and testifying against McCoy at trial. On this record and in light of the district court's explanation, we conclude that the challenged sentence, while severe, is nevertheless "within the range of permissible decisions," *United States v. Cavera*, 550 F.3d at 189 (internal quotation marks omitted)), and, therefore, not substantively unreasonable so as to require resentencing.[3]

3. <u>Conclusion</u>

We have considered McCoy's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] McCoy's age and a hip injury requiring surgery while in custody warrant no different conclusion, as McCoy does not argue that the district court failed to consider these factors.